# UNITED STATES DISTRICT COURT
for the
Western District of New York

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address.)*

Express Mail parcel bearing tracking number "EI745348894US" addressed to "Justin Zumsteg, 2013 Burbank Ave, Santa Rosa, CA 95407" described as a white Express Mail Flat Rate Mailing Envelope weighing approximately 2 pounds and 4ounces, bearing $19.95 in postage, and with a return address of "Riley Schwartzott, 48 Cushing St, Upper, Fredonia, NY 14603."

)
)
)
)
)
)

Case No. 13-M- 74

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the Western District of New York *(identify the person or describe property to be searched and give its location)*:

Express Mail parcel bearing tracking number "EI745348894US" addressed to "Justin Zumsteg, 2013 Burbank Ave, Santa Rosa, CA 95407" described as a white Express Mail Flat Rate Mailing Envelope weighing approximately 2 pounds and 4 ounces, bearing $19.95 in postage, and with a return address of "Riley Schwartzott, 48 Cushing St, Upper, Fredonia, NY 14603."

The person or property to be searched, described above, is believed to conceal:

**Controlled substances, packaging material, and written communications between the sender and the recipient, which constitute fruits, evidence, and instrumentalities of 21 U.S.C. §§ 841(a)(1), 844, and 846, and all of which are more fully described in the application and affidavit filed in support of this warrant, the allegations of which are adopted and incorporated by reference as if fully set forth herein.**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☒ evidence of a crime;
- ☒ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of **21 U.S.C. §§ 841(a)(1), 844, and 846,** and the application is based on these facts:

- ☒ Continued on the attached Affidavit.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

JERRY S. STYERS
UNITED STATES POSTAL INSPECTOR
UNITED STATES POSTAL INSPECTION SERVICE
*Printed name and title*

Sworn to before me and signed in my presence.

Date: May 31, 2013

City and state:   Buffalo, New York

_____
*Judge's signature*

HONORABLE H. KENNETH SCHROEDER, JR.
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

STATE OF NEW YORK   )
COUNTY OF ERIE      )   SS:
CITY OF BUFFALO     )

JERRY S. STYERS, being duly sworn, deposes and states:

1. I am a United States Postal Inspector for the United States Postal Inspection Service (USPIS) and have been so employed since September 2006. I am currently assigned to the Buffalo, New York field office. In my capacity as a Postal Inspector, I have completed training in the investigation and prosecution of violations of federal statutes within the investigative jurisdiction of the Postal Inspection Service, to include: mail theft, identity theft, narcotics trafficking, fraud, financial crimes, and child exploitation. I am currently assigned to the Prohibited Mailing Narcotics (PMN) team with the responsibility of investigating violations of federal laws where the U.S. Mails are used to transport prohibited items, including controlled substances, which have been sent from locations within and outside of the United States. I have participated in investigations that have resulted in the arrest of individuals who have distributed and received controlled substances, as well as the seizure of illegal narcotics.

2. I work closely with a team of Postal Inspectors who also have investigated narcotics crimes involving the United States

1

Mail. I have consulted with those Postal Inspectors and other law enforcement agents regarding this investigation, and as a result, when I refer to what another Postal Inspector and or law enforcement officer has done, observed, or heard, I am doing so based upon my discussion with that individual, or by reading his or her reports or letters.

3. I make this affidavit in support of an application for a warrant authorizing the search of a U.S. Postal Service Express Mail parcel addressed to "**Justin Zumsteg, 2013 Burbank Ave, Santa Rosa, CA 95407**," which further bears a return address of "**Riley Schwartzott, 48 Cushing St, Upper, Fredonia, NY 14063**." The Express Mail parcel bears delivery tracking number **EI 745 348 894 US**, and is a white Express Mail Flat Rate Mailing Envelope weighing approximately 2 lbs., 4.0 oz., bearing $19.95 in postage, and was mailed from Fredonia, NY 14063 (hereinafter referred to as the Subject Parcel).

4. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the Subject Parcel contains controlled substances and/or proceeds from the trafficking of controlled substances, constituting evidence of a violation of Title 21, United States Code, Sections 841, 843 (b), 844 and 846 will be located within the Subject Parcel.

2

5. On May 28, 2013, I was alerted to the Subject Parcel during a review of outgoing mail. I originally deemed the parcel suspicious because it bore characteristics similar to suspicious parcels which I previously identified in an ongoing investigation involving the mailing of narcotics and narcotics proceeds. Specifically, I have identified 14 mailing labels from parcels traveling between various addresses in Fredonia, NY and Northern, CA, since August, 2012. Five (5) of the identified parcels were incoming (to Fredonia, NY from Sacramento or Santa Rosa, CA) and are believed to have contained narcotics, based on suspicious characteristics associated with the parcels. The remaining nine (9) parcels were outgoing (from Fredonia, NY to Loomis or Santa Rosa, CA) and are believed to have contained proceeds related to narcotics trafficking, again based on suspicious characteristics associated with the parcels.

6. Based on my training and experience, I am aware that the Postal Service's Express Mail service was custom-designed to fit the needs of businesses by providing overnight delivery for time-sensitive materials. Express Mail parcels typically used by businesses to send documents often utilize typewritten labels, are sent in pre-printed cardboard mailers, and typically weigh, on average, up to 2 pounds. Corporate charge accounts were also developed by the Postal Service so that businesses would be able to enter their account number directly on the Express Mail label,

3

thus avoid time-consuming cash payments for each business mailing. Express Mail also comes with a "built-in" unique tracking number that can be used to track the status of each parcel.

7. Based on my training and experience, I have learned that narcotics traffickers often utilize Express Mail for the transportation of controlled substances, or the proceeds from the sale of controlled substances, based upon the fact that Express Mail can quickly move the items to the delivery destination. Perhaps more importantly, the movement of packages via Express Mail can also be tracked via telephone and/or the Internet based upon the unique tracking number assigned to each specific label. This is important to narcotics traffickers because any delay in the delivery of the mail can serve as an indication to the mailer that the items have possibly been intercepted by the U.S. Postal Inspection Service. Additionally, items sent via Express Mail or Priority Mail are considered to be First-class mail, and therefore, cannot be opened without a Federal Search Warrant.

8. From my training, personal experience, and the experiences related to me by other Postal Inspectors who specialize in investigations relating to the mailing of controlled substances and the proceeds from the sale of controlled substances, I am aware that the Western New York area is a "destination" location for controlled substances. As such, controlled substances are

frequently transported to the Western New York area via the United States Mail, and the payment/proceeds from the sale of the controlled substances are frequently sent from the Western NY area, via the United States Mail, to the mailer/supplier of the controlled substances located elsewhere in the United States (the "source" location).

8. Upon examination on May 28, 2013, in addition to the facts associated with the Subject Parcel as noted above (in paragraph 5), I became suspicious of the parcel because it shared additional characteristics and attributes common to other parcels known to have contained narcotics or proceeds of the sale of controlled substances. These packages may often display some or all of the following characteristics:

   a. Unlike typical Express Mail business mailings containing documents, which usually have typed labels, parcels known to have contained controlled substances and/or their proceeds typically bear a handwritten label. Based on my training and experience, and upon the training and experience of fellow Postal Inspectors, I know that drug dealers routinely use handwritten mailing labels when they transport narcotics and/or their proceeds through the mails.


b. Express Mail service allows for payment of postage by the use of a corporate account number for use by merchants, businesses and corporations. The absence of a corporate account number listed on a label indicates the sender paid for postage using cash or its equivalent. Based on my training and experience, and upon the training and experience of fellow Postal Inspectors, senders of parcels containing controlled substances and/or their proceeds are known to pay for postage using cash in order to remain anonymous and to therefore avoid detection.

c. Parcels known to have contained controlled substances and/or their proceeds often bear handwritten labels that contain misspelled words, incomplete addresses, fictitious addresses, or names not associated with the listed addresses. Based upon your affiant's experience and discussions with other experienced Postal Inspectors, I am aware that individuals who ship and/or receive drugs or their proceeds via the mail often employ fictitious return addresses and/or names not associated with the addresses, in order to avoid detection. In this way they can distance themselves from the contraband should the parcel be intercepted by law enforcement.

d. Express Mail parcels normally require a signature from whoever receives the parcel upon delivery. This option can be waived by the sender at the time of the mailing. If the signature requirement is waived, this allows the parcel to be delivered at the destination address without the presence of the recipient. Parcels known to contain controlled substances or their proceeds are often sent with the waiver of signature option, in order to avoid personal association with the parcel, in the event the parcel is intercepted by law enforcement.

e. The originating Post Office is often located in a different area, town or city than the return address listed on the parcel. The distance between the two locations can vary. Traveling various distances is often used by mailers of illegal narcotics and their proceeds in order to avoid detection, recognition, and/or being caught on surveillance video.

f. The parcel containing controlled substances may be shipped from locations which, based upon previous successful interdictions, are known source locations for the distribution of illegal narcotics. In the case of parcels containing the proceeds of illegal narcotics, the parcel may be mailed to an area known

    to be a source location for illegal narcotics, and is usually mailed from an area known to be a destination for the illegal narcotics.

  g. Based on my training and upon the training and experience of fellow Postal Inspectors, I know that the proceeds from the sale of controlled substances are commonly laundered back to the source city using Express Mail due to the speed, tracking and reliability of Express Mail service. Proceeds from the sale of controlled substances can be found as U.S. currency, and are also commonly converted into money orders, such as Postal Money Orders, Money Gram, and Western Union.

Parcels found to meet any or all of these characteristics described above are often scrutinized by Inspectors through address verifications and trained narcotic-detecting canine examination. Postal Inspectors have been authorized to seize packages, including Express Mail parcels, which contain illegal narcotics and/or their proceeds, which were shipped from areas around the country and Puerto Rico. Many locations, including California, are known source locations for illicit narcotics trafficking.

9. Upon examination, I noted that the characteristics of the Subject Parcel are consistent with characteristics and indicators used to interdict previous suspicious packages that contained illegal narcotics or their proceeds. Specifically, the Subject Parcel bears a handwritten label, contains a waiver of signature for acceptance, and was paid for in cash. In addition, the sender's name on the parcel appears to be fictitious. Specifically, the sender "Riley Schwartzott" cannot be associated with the return address of "48 Cushing St, Upper, Fredonia, NY 14063." Finally, the parcel was addressed to a city in Northern California which, based upon previous successful interdictions, is a known source location for the distribution of illegal narcotics.

10. Based upon the additional suspicious characteristics associated with the Subject Parcel, I decided to submit the parcel to a trained narcotics-detecting canine examination. On May 29, 2013, I met Amherst Police Department (APD) Officer Robert Stephens, Jr. and his K-9 "Judge" at the Postal Inspection Service office located at 1200 Main Place Tower, Buffalo, NY 14202, where "Judge" performed a drug sniff of the Subject Parcel. According to Officer Stephens, the dog sniff of the Subject Parcel resulted in a positive alert, indicating that "Judge" detected the odor of a controlled substance that he has been trained to detect. See affidavit of Officer Stephens annexed hereto.

11. It is therefore respectfully submitted that there is probable cause to believe that the above-referenced Subject Parcel contains fruits, evidence, and instrumentalities related to narcotics trafficking and distribution in violation of Title 21, United States Code, Sections 841, 843(b), 844, and 846.

WHEREFORE, it is respectfully requested that a search warrant be issued to search the contents of the above described package for the proceeds of controlled substances.

_____
JERRY S. STYERS
U.S. Postal Inspector

Sworn to and subscribed before me
This 31st day of May, 2013.

_____
HONORABLE H. KENNETH SCHROEDER, JR.
United States Magistrate Judge

10

| | CR# |
|---|---|

# AFFIDAVIT

State of **NEW YORK** } ss
County of **ERIE**

I, **Robert W. Stephens**   Employed by   **The Town of Amherst Police Department, Amherst, NY**
  Name                                                   Address                                City            State       Zip Code

By this affidavit, make the following statement of fact:

I, Robert W. Stephens, am employed by the Town of Amherst NY Police Department in the capacity of K-9 Officer. I am currently assigned to the K-9 Unit with my K-9 "JUDGE". "JUDGE" and I participate in and successfully complete the Niagara Regional Police K-9 training and certification in Ontario, Canada. "JUDGE" and I, receive 20 hours of maintenance training per month by Sergeant Scott Johnstone (K-9 trainer for the Niagara Regional Police of Ontario, Canada.) The canine training course concentrates on area searches, tracking, building searches and criminal apprehension, to include the location of human beings. Next, "JUDGE" and I participated in one hundred and fifty hours of canine handler/trainer instruction for the detection of the odor of narcotics. "JUDGE" and I successfully completed the course in December 2010. "JUDGE" and I recertify twice a year with the most recent certification being April 11, 2013. "JUDGE" has been specifically trained and certified in the detection of the odors of cocaine, heroin, marijuana, hashish, methamphetamine and ecstasy. During our bi-monthly controlled training sessions, "JUDGE" is tested using real narcotics (obtained through the Drug Enforcement Administration). The narcotics are concealed or hidden in various locations. "JUDGE" is then required to locate the narcotics. "JUDGE" has been trained to alert to the odor of narcotics by either scratching, biting or barking at the item. During training session, "JUDGE" consistently demonstrates a high degree of proficiency in locating the hidden narcotics. Since 'JUDGE" was certified, 'JUDGE" has been utilized on numerous occasions to attempt to locate narcotics.   To my knowledge, I have never known 'JUDGE" to falsely alert to the odor of narcotics.   In my experience, 'JUDGE" has successfully found narcotics located in many different locations, to include packages, motor vehicles, buildings, and outdoors (buried in the ground).

Verification by Subscription and Notice
Under Penal Law Section 210.45

It is a crime, punishable by a class A misdemeanor under the laws of the State of New York, for a person, in and by written instrument, to knowingly make a false statement, or to make a statement which such person does not believe to be true.

Affirmed under penalty of perjury this

29th day of   May   2013

Police Officer Robert W. Stephens
Deponent

2 | CR#

# AFFIDAVIT

| State of | NEW YORK | } ss |
| County of | ERIE | |

I, __Robert W. Stephens__  Employed by  __The Town of Amherst Police Department, Amherst, NY__
   Name                                      Address                           City          State       Zip Code

By this affidavit, make the following statement of fact:

On May 29, 2013 at approximately 0751 hours I was requested by Postal Inspector J. Styers of the U. S. Inspection Service to respond to the Buffalo NY Domicile at 1200 Main Place Tower Buffalo, NY 14202 for a narcotics search on the following package. At approximately 0840 hours I directed K9 "JUDGE" to search a large office room of the Buffalo NY Domicile. The package in question is an Express Mail parcel bearing Express Mail Number **EI 745 348 894 US**. Inspector Styers placed the suspicious parcel in the office with an array of similar parcels known not to contain controlled substances. When K-9 "JUDGE" sniffed the above numbered parcel he alerted to the odor of narcotics with an aggressive alert. I was not informed as to which package was the parcel in question.

False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the New York State Penal Law. Affirmed under penalty of perjury.

X _____ Date __5/29/2013__
(affirmed)


Verification by Subscription and Notice
Under Penal Law Section 210.45

It is a crime, punishable by a class A misdemeanor under the laws of the State of New York, for a person, in and by written instrument, to knowingly make a false statement, or to make a statement which such person does not believe to be true.

Affirmed under penalty of perjury this

__29th__ day of __May__ __2013__

Police Officer Robert W. Stephens
Deponent